# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| JAMES MORGAN WILLIAMS | PLAINTIFF/ COUNTER-DEFENDANT |
| VS. | CIVIL ACTION NO. 3:05CV110LN |
| HARTFORD LIFE INSURANCE COMPANY | DEFENDANT/ COUNTER-CLAIMANT |

## ORDER

This matter came before the court on the Defendant's Local Rule 7.2(H) Motion to Quash the Plaintiff's Notice of Deposition and for Protective Order and the Plaintiff's Motion for Reconsideration. The basis of both Motions is the Plaintiff's noticing the deposition of Andrea Wagner, M.D. An earlier attempt by the Plaintiff to take a 30(b)(6) deposition was denied by this court by an Order entered on July 14, 2005, holding that, as this matter a claim for benefits under an Employee Welfare Benefit Plan established pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 through 1461 (1999 & Supp. 2005), discovery was not appropriate. The Plaintiff seeks reconsideration of that Order, so that he may depose Dr. Wagner.

As this court has stated on many occasions, only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also Williams v. Mississippi Action for Progress, Inc.*, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D.Miss. 1993); *Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992). A motion that merely re-argues a party's earlier position will not persuade

this court to change a previously entered ruling and is, indeed, an improper use of the motion that could result in sanctions. *Nationwide Mutual Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000).

The Plaintiff's Motion for Reconsideration is based on the desire to depose a different person; however, the legal basis for denying discovery is the same in both instances. The court must decide this case on the administrative record, unless the Plaintiff can show that the record is incomplete. *Bratton v. Nat'l Union Fire Ins.*, 215 F.3d 516, 521 (5th Cir. 2000). Here, the Plaintiff contends that the record is incomplete because the administrator failed to include certain medical records. Thus, he argues, Dr. Wagner should be deposed "to discuss with her the omission of these medical records." The court is not persuaded by this argument to reconsider its earlier Order denying discovery.

The Plaintiff argues that the administrator "failed in performing his duty to compile a competent and complete record by not contacting and/or considering the opinions of Dr. F. J. Eicke ("Eicke") or Dr. J. Patrick Barrett ("Barrett")." As the Fifth Circuit has held, a claimant who believes that the record before the plan administrator should be offered "a reasonable opportunity to contest whether that records is complete." *Id*. at 521. If he believes that the record is incomplete, the claimant may submit additional matter for consideration. *Id*. at 521 n. 5, citing *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 300 (5th Cir. 1999). Material thus presented would be considered as part of the administrative record. The Plaintiff here does not argue that he was not offered a reasonable chance to complete the record prior to the decision, but that Eicke's letter, sent after the decision, should have prompted a reconsideration.

The issues raised by the Plaintiff go to the substance of his case – whether the administrator abused his discretion in denying benefits in this matter. That decision will be made by the District Judge. If he rules that the administrator abused his discretion by failing to fairly consider all of the information available to him, then he may remand the case for further development of the record. It is not within the authority of the undersigned to make that decision at this juncture. Therefore, the Defendant's Motion to Quash and for Protective Order will be granted, and the Plaintiff's Motion for Reconsideration will be denied.

IT IS, THEREFORE, ORDERED that Hartford's Local Rule 7.2(H) Motion to Quash the Plaintiff's Notice of Deposition and for Protective Order is hereby **granted**, and the Plaintiff's Motion for Reconsideration is hereby **denied**.

IT IS SO ORDERED, this the 20th day of December, 2005.

S/Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE